LEGGETT ELECTRIC COMPANY v. E. H. MORRISON.

(Filed 5 October, 1927.)

1. **Principal and Agent—Contracts, Written — Lands — Deceit—Fraud—Actions.**

For an electric power transmission company to obtain a valid right with the agent of the owner, to enter upon the lands of the owner and erect its poles, etc., for the transmission of its current, it is required that the authority of the agent, to bind his principal, must be in writing, and where the power company, with the knowledge of the facts, expressed or implied, has erected its poles, etc., without the written authority of agency conferred, and the wife, the owner of the lands, repudiates the acts of the husband, acting as her agent, and causes the power company to remove them from her lands, a civil action for damages founded on deceit against the husband will not lie.

2. **Fraud and Deceit—Damages—Evidence.**

In order to recover damages for fraud or deceit, it is necessary to show the representations, its falsity, scienter, deception and injury, in which representation must be definite, specific, materially false, knowingly made with fraudulent intent, or in culpable ignorance of the truth, reasonably relied on by the promisee, and caused the loss in suit.

CONNOR, J., did not sit.

APPEAL by plaintiff from *Nunn, J.,* at April Term, 1927, of EDGE-COMBE.

*George M. Fountain for plaintiff.*
*Gilliam & Bond and H. H. Phillips for defendant.*

ADAMS, J. The plaintiff, a corporation authorized by the laws of North Carolina to transmit electric power, entered into negotiations

with the defendant and his wife for the purpose of acquiring a right of way over the land which was owned by Mrs. Morrison. After repeated conferences between the parties the plaintiff failed to procure the grant, but, as alleged in the complaint, the defendant subsequently told the plaintiff's agent that he and his wife had "agreed to extend the right of way upon the condition that same be not had on the road, but back from the road," and pointed out the place where the poles should be erected. It was alleged that on other occasions before any work had been done on the land the defendant held himself out as the agent of his wife and said that it would not be necessary for the agent to see her because she had approved and assented to "the extension of the right of way"; and, further, that the plaintiff, relying upon these representations, erected its poles on the land and was afterwards compelled by Mrs. Morrison to remove them in consequence of which it had suffered financial loss.

The action was laid in deceit and was prosecuted on the theory that the defendant was not his wife's agent. The plaintiff evidently knew that Mrs. Morrison owned the land and was affected with constructive notice that any parol license which the defendant gave the plaintiff to enter thereon was revocable at the will of the owner, and that any purported or intended grant of an easement or other conveyance of a permanent or continuing right in the land must have been evidenced by a written instrument duly executed and proved or acknowledged. *McCracken v. McCracken,* 88 N. C., 273; *Kiwett v. McKeithan,* 90 N. C., 106; *R. R. v. R. R.,* 104 N. C., 658; *Herndon v. R. R.,* 161 N. C., 650; *Davis v. Robinson,* 189 N. C., 589, 600. The alleged permission was not evidenced by any writing and the plaintiff incurred the hazard of Mrs. Morrison's objection to the entry upon her land. Her objection was made known to the plaintiff and the poles were removed.

The essential elements of actionable fraud or deceit are the representation, its falsity, scienter, deception, and injury. The representation must be definite and specific; it must be materially false; it must be made with knowledge of its falsity or in culpable ignorance of its truth; it must be made with fraudulent intent; it must be reasonably relied on by the other party; and he must be deceived and caused to suffer loss. If it be granted that the allegations in the complaint state a cause of action the testimony offered by the plaintiff, in our opinion, is not sufficient to establish all the elements of actionable deceit. The judgment is

Affirmed.

CONNOR, J., did not sit.