MATTIE MILLARD PREVETTE v. VIOLA B. PREVETTE ET AL.

(Filed 29 June, 1932.)

1. **Executors and Administrators E b—Doctrine of advancements arises only in administration of estates of intestates.**

   Where the deceased leaves a will disposing of his estate the doctrine of advancements to his child or children has no application. C. S., 1654(2).

2. **Wills F a—Where specific bequests are made charge on land devisees take subject thereto if personalty is insufficient.**

   Where a will directs that each of the testator's children should receive a certain sum in money upon attaining the age of twenty-one, and that

if the personal property should be insufficient to pay each child the stated sum that it should be made up in the division of the real estate: *Held*, the devisees take the land subject to the charge of the specific bequests in case the personalty is insufficient to pay each legatee the sum stated.

3. **Same: Executors and Administrators E b—Notes executed by devisee to executrix held not a lien on land devised as against transferee.**

A promissory note given by a son to the executrix of his father for money borrowed from the estate long after the death of the testator are not advancements, but are binding upon the son, nothing else appearing, as his personal obligations to the estate, but such notes, although reciting that they should be regarded as advancements and should be accounted for out of the devisee's interest in the estate, do not constitute a lien on the land devised as against the devisee's transferee in the absence of registration.

4. **Same—Contract of devisees for payment of item out of estate did not impose personal liability on them therefor.**

Where, after the death of the testator, all of the beneficiaries under the will enter into a written agreement that a certain sum should be set aside for a tombstone and to pay funeral expenses of their mother, the testator's wife: *Held*, the agreement does not amount to an express promise by the beneficiaries to pay the sum if the estate was not sufficient therefor, and in the absence of such express agreement the beneficiaries would not be personally liable therefor, and the agreement does not constitute a lien on the lands of one of the devisees in the hands of his transferee.

5. **Wills F c—Transferee of devisee held to have acquired title subject only to testator's debts and specific bequests made a charge thereon.**

Where a devisee conveys his interest under the will to his wife the wife takes such lands subject to the debts of the testator and subject to the payment of certain specific bequests made a charge upon the land by the will in case the personalty was insufficient therefor, but the lands in the wife's hands is not subject, in the absence of registration, to personal notes given by her transferor to the testator's executrix nor for a contract between the devisees for the payment of a certain item out of the estate when the devisees incurred no personal liability therefor.

6. **Costs B b—Plaintiff in partition proceedings denying right of lien on property in favor of other tenants held not liable for entire costs.**

Where a transferee of a devisee asserts her right to hold the lands devised in severalty instead of as a tenant in common with other devisees, and successfully resists the claim of the other devisees that her land be charged with personal notes executed by her transferor to the executrix of the estate: *Held*, an order taxing the entire costs in the Superior Court against the transferee is erroneous.

CIVIL ACTION, before *Clement, J.*, at October Term, 1931, of WILKES.

Iredell T. Prevette died on 21 December, 1898, leaving a last will and testament. He also left him surviving a widow, Mrs. Alice A. Prevette, who is named executrix in the will, and who died on 24 June,

1928. Iredell T. Prevette left eleven children, all of said children surviving their mother, Alice A. Prevette, but Roscoe Prevette has since died leaving him surviving a widow and one son.

The will of Iredell T. Prevette devised several hundred acres of land and bequeathed his personal property to his wife, Alice A. Prevette, and to his eleven children as tenants in common. Item 10 of his will is as follows: "It is my will and desire and I so direct, that in the event that my personal estate is not sufficient to pay each of my children five hundred dollars, as each becomes 21 years old, then I direct that such child as may fail to receive the five hundred dollars, out of said personal estate, that the same be made up to said child in the division of the real estate."

Buell L. Prevette was a son of Iredell Prevette, who married the plaintiff, Mattie Millard Prevette, about 1909. On 27 July, 1915, Buell L. Prevette, then about twenty-seven years of age, conveyed to the plaintiff, his wife, by deed "all of my right, title and interest in the estate of my father, Iredell T. Prevette." This deed was recorded on 21 August, 1915. Not more than three months thereafter Buell L. Prevette was adjudged a bankrupt.

On 19 August, 1910, Buell L. Prevette borrowed $100 from his mother, Alice A. Prevette, executrix of Iredell T. Prevette, and executed a promissory note therefor. On 21 August, 1913, Buell L. Prevette executed and delivered to his mother, Mrs. Alice A. Prevette, executrix of Iredell T. Prevette, a promissory note for the sum of $700, containing the following clause: "If not paid by me, the amount shall be considered as an advancement to me and shall be accounted for by me out of my interest in my father's estate." Buell L. Prevette did not list in his bankruptcy schedules the land which he had theretofore conveyed to his wife, nor did he list either of the notes aforesaid. The only evidence bearing upon the proof of the notes in the bankruptcy proceeding was the testimony of said Buell L. Prevette, as follows: "The bankruptcy was advertised and my mother knew it. She was in Hickory and I told her." Buell L. Prevette was duly discharged in bankruptcy on 25 January, 1916.

On 12 August, 1929, the plaintiff, Mattie Millard Prevette, instituted against all the other heirs at law of Iredell T. Prevette except her husband, Buell L. Prevette, a proceeding to partition the land of Iredell Prevette, and alleging that she and the defendants were tenants in common of said land, and that by virtue of the deed from her husband she was entitled to a one-eleventh undivided interest in said property and desired to hold her share in severalty. The defendants filed an answer denying that the plaintiff was entitled to one-eleventh of said

land, alleging that her deed was invalid and that the notes of $100 and $700, given by Buell L. Prevette, constituted advancements to be accounted for in the division of the estate, and that all the heirs at law of Alice A. Prevette, after her death, had signed a paper-writing setting apart $1,250 to pay the funeral expenses of said Alice A. Prevette, and that certain of defendants had not received $500 specified in the will of Iredell T. Prevette. The defendants further requested that Buell L. Prevette, the husband of plaintiff, be made a party defendant, and that the interest of the plaintiff in said land should be specifically charged with the $100 note, the $700 note, and her part of the burial expenses aforesaid.

There was an order of reference and to the report of the referee exceptions were duly filed both to the findings of fact and conclusions of law. Subsequently the question came on for hearing before the judge of the Superior Court at the October Term, 1931, who modified the report of the referee by certain findings of fact and certain conclusions of law. He found that certain sums of money had been advanced to the children of the deceased, including the $100 note and the $700 note to Buell L. Prevette. He further found that all of the defendants except Buell L. Prevette, husband of plaintiff, had brought in all the notes representing funds they had borrowed from the estate after the death of their father "and presented the same in hotch pot" as required by law, and that the plaintiff and her husband had failed and refused "to bring into hotch pot the $100 note and the $700 note," etc. The judge concluded, as a matter of law: (a) That since Buell L. Prevette failed to list the real estate conveyed to the plaintiff, his wife, in the bankruptcy proceeding and had failed to list the $100 note or the $700 note that said bankruptcy did not relieve him of accounting for said notes. (b) That Mrs. Pearl Duncan, Mrs. Mattie Eudaily and Miss Annie T. Prevette had not received in full the $500 payments specified in Item 10 of the will of Iredell T. Prevette. (c) That when the petitioner, Mattie Millard Prevette, had accounted to said estate for the note of her husband for $100, dated 19 August, 1910, with interest thereon until paid, and to Miss Viola B. Prevette for $700 with interest from 21 August, 1913, subject to all payments upon the same, . . . and after the burial fund of $1,250 has been paid . . . and the legacies to Mrs. Duncan, Mrs. Eudaily and Annie T. Prevette . . . she is entitled to one-eleventh of the real estate described in the petition to this action to be partitioned to her and held in severalty by her.

The court being of the opinion that the petitioner's "refusal to account for said notes has made it necessary for this proceeding to be brought into Superior Court . . . that plaintiff should be taxed with all the costs of the Superior Court," and that the costs before the clerk of

this court and the partition hereinbefore provided for, should be based equally between all the legatees of said will.

From the judgment rendered all parties appealed.

The defendants appealed upon the following ground:

1. Because the judge failed to dismiss the proceedings because plaintiff refused to permit the notes for $100 and $700 to be brought into hotch pot.

2. For that the court failed to find that the deed from Buell L. Prevette to the plaintiff was fraudulent and constituted a cloud upon the title of the defendants.

*C. L. Whitener and E. B. Cline for plaintiff.*
*Charles G. Gilreath for defendants.*

BROGDEN, J. The doctrine of advancements arises under our statute in the administration of estates of intestates. C. S., 1654, Rule 2; Mordecai's Law Lectures, Vol. 2, page 1346. Iredell T. Prevette did not die intestate, but left a will which provided in Item 10 that each of his children was to have $500 from his personal estate upon arriving at the age of 21 years, and if such personal estate was not sufficient to pay said amounts "that the same be made up to said children in the division of the real estate." It was found as a fact by the trial judge, and there is evidence to support such finding, that Pearl Duncan, Mattie Eudaily and Annie T. Prevette, children of testator, have not received the sums of money specified in the will. Consequently, the real estate devised by the intestate remains liable for such portion of said sums as the personal estate shall be insufficient to discharge.

The $100 note and the $700 note, executed by Buell L. Prevette, represented funds borrowed from the executrix long after the death of the testator. These sums are not advancements as contemplated by law. The $700 note contains a recital that the amount thereof "shall be considered as an advancement to me and shall be accounted for by me out of my interest in my father's estate." This note was signed by Buell L. Prevette, and, of course, is binding upon him, nothing else appearing, but the mere recital in the note would not constitute a lien upon land owned by the plaintiff, his wife, in the absence of registration of the instrument, even assuming that said instrument is eligible to registration. The plaintiff, together with the other heirs at law of Iredell T. Prevette, signed a contract on 27 June, 1928, agreeing "to set aside the sum of $1,250 for the purpose of paying all burial expenses and placing a monument to the grave of his wife, Alice A. Prevette, deceased." The wording of this agreement does not amount to an express promise to pay so as to impose a personal liability upon the makers. Apparently,

it was an agreement by the heirs at law, including the plaintiff, that $1,250 belonging to the estate, might be used for the purpose specified, but there is no provision that if the estate does not have such sum that the parties signing the agreement would be personally liable for payment thereof. At all events the agreement would not constitute a lien upon plaintiff's land. In the last analysis the plaintiff owns a one-eleventh interest in the real estate of Iredell T. Prevette, subject, of course, to the payment of his debts and such other sums of money as may be necessary to pay in full the $500 to each child specified in Item 10 of the will. The land of the plaintiff is not burdened with the payment of the $100 note or the $700 note, nor of any part of the sum of $1,250 "set aside for burial expenses" of the wife of the testator. Nor is the plaintiff upon the facts in this case, to be penalized with the entire cost of the Superior Court because she asserts her right under the law as a tenant in common to hold her share of the land in severalty and for failure or refusal to account for the notes of her husband heretofore referred to.

The defendants by the exceptions filed by them in this record challenge the judgment rendered chiefly upon the ground that failure of plaintiff to account for her husband's notes aforesaid debar her from any interest in the land, and that her deed was fraudulent as it was executed and delivered within four months of the time of filing of a petition in bankruptcy by her husband, the grantor. The merit of these exceptions has been determined by the discussion of the principles of law involved in plaintiff's appeal.

Plaintiff's appeal, reversed.

Defendant's appeal, affirmed.