DORIS PARKER v. J. B. EASON, EXECUTOR OF ESTATE OF JOS. D. EASON, DECEASED; J. B. EASON, TRUSTEE UNDER THE WILL OF JOS. D. EASON, DECEASED, FOR DORIS PARKER; AND J. B. EASON, INDIVIDUALLY.

(Filed 2 March, 1938.)

**1. Descent and Distribution § 12—**

An advancement is a gift *in præsenti* made by a parent on behalf of a child to advance the child in life, and thus enable him to anticipate his inheritance to the extent of the advancement. C. S., 1654 (2).

**2. Same—**

Advancements are restricted by statute, N. C. Code, 138, to gifts from a parent to a child, and ordinarily grandchildren may not be held accountable for gifts to themselves, but must account for gifts from their grandparent to their parent before they can inherit from their grandparent.

**3. Same: Wills § 34—Will held to require accounting for advancements in same manner as though testator died intestate.**

The will in suit directed that loans and advancements by testator to his children should be accounted for and taken into consideration in dividing the property and the amount finally received by those to whom advancements were made to be reduced proportionately, and by subsequent item divided the estate into twelve parts, one of which was to be held in trust for the children of a deceased daughter. Plaintiff is one of the children of the deceased daughter. *Held:* The intent of the testator as gathered from the will requires advancements to be accounted for before dividing the property, in the same manner as though he had died intestate, and plaintiff must account for the advancements made to her mother, in proportion with her sisters, before receiving her share of the *corpus* of the trust fund.

APPEAL by plaintiff from *Williams, J.,* at October Term, 1937, of WILSON. Affirmed.

"The above entitled matter came on to be heard before his Honor, Clawson L. Williams, Judge presiding, and a jury. After the reading of the pleadings, the plaintiff admitted in open court that she had received from the defendant on account of whatsoever sum was due her under the will of her grandfather, Jos. D. Eason, the sum of $345.39, as set out in the fourth paragraph of her complaint, and that she was properly chargeable with the sum of $209.38 in addition thereto, which sum had, by the defendant, been advanced to her sister, Grace Parker, at the special request and instance of the plaintiff, with the direction and understanding that she, the plaintiff, should be charged therewith, the defendant having heretofore in his account filed with the clerk of the Superior Court, charged the plaintiff with the two respective sums.

"The following facts were admitted in open court, to wit: Jos. D. Eason, deceased, was the father of Sallie Eason Parker; the plaintiff Doris Parker, Grace Parker and Edith Parker are the children of Sallie Eason Parker. Sallie Eason Parker died prior to the death of her father, Jos. D. Eason. The plaintiff Doris Parker, Grace Parker, and Edith Parker are the persons mentioned in subsection . . . of the fifth item of the last will and testament of Jos. D. Eason, deceased. In making settlement of the estate of Jos. D. Eason, deceased, the defendant, as executor, charged the plaintiff herein with one-third of certain indebtedness of Sallie Eason Parker to Jos. D. Eason, subject to certain credits, all of which is set out in the answer and in the report filed by the defendant herein as trustee. of the plaintiff and her other sisters.

"The plaintiff contended that under a proper construction of the will of her grandfather, Jos. D. Eason, the defendant, as executor of Jos. D. Eason, should not have charged her with one-third of the indebtedness of her mother to the testator. The defendant, on the other hand, contended that under a proper construction of the will of Jos. D. Eason, he was required to charge the plaintiff with one-third of the indebtedness of her mother, his daughter, to Jos. D. Eason.

"The defendant introduced evidence tending to show that Sallie Eason Parker owed her father, his testator, the sums of money which he had charged against the plaintiff, and her sisters in his accounts. The plaintiff stated, in open court, that she had no evidence to offer to contradict the evidence offered by the defendant tending to show that Sallie Eason Parker did owe her father, the defendant's testator, the sums of money which he had charged against the plaintiff and her sisters.

"The court being of the opinion that under a proper construction of the will of Jos. D. Eason it was the duty of the defendant to charge

against the share of the plaintiff one-third of the net indebtedness of her mother, Sallie Eason Parker, to her father, Jos. D. Eason, the testator of defendant, as the defendant did in the settlement of the said estate, whereupon the plaintiff stated in open court that if the defendant had the right to charge the items, the correctness of the amount of the items was admitted and she waived her right to the submission of an issue to the jury, admitting that the items as charged were the correct amounts of the indebtedness of her mother, Sallie Eason Parker, to the estate of Jos. D. Eason.

"It is therefore, upon motion, ordered, decreed and adjudged that the plaintiff take nothing by this action; that the defendant go hence without day and recover his costs in this behalf expended.

CLAWSON L. WILLIAMS,<br>
*Judge Presiding."*

To the foregoing judgment the plaintiff excepted, assigned error, and appealed to the Supreme Court.

"Agreed Case on Appeal. This is a civil action commenced by plaintiff to recover of defendant, in his various capacities, certain moneys alleged to have been wrongfully withheld in a settlement made by the defendant as executor of the estate of Joseph D. Eason and as trustee for plaintiff under the will of Joseph D. Eason.

"Defendant answered the complaint and set up that he was due the plaintiff only the sum of $641.52, and that he had paid the sum into the hands of the clerk of the Superior Court of Wilson County for her use.

"The sole controversy between plaintiff and defendant resolved itself into a construction of the last will and testament of Joseph D. Eason. For the purposes of this record it is agreed that if plaintiff was correct in her contention that she was not chargeable with one-third of the indebtedness of her deceased parent to the estate of Joseph D. Eason, then the amount owing by defendant to her would be $1,381.61, and that if she be chargeable with one-third of said indebtedness, then the amount of $641.52 paid into the hands of the clerk of the Superior Court by defendant was the correct amount."

The last will and testament of Joseph D. Eason was introduced in the evidence, and the material parts for a decision of this controversy will be set forth in the opinion.

*L. Bruce Gunter, Finch, Rand & Finch, and Troy T. Barnes for plaintiff.*

*D. M. Hill and Connor & Connor for defendants.*

CLARKSON, J. The question for decision: Is plaintiff chargeable with one-third of the indebtedness of her deceased parent, Sallie Eason Par-

ker, to the estate of her mother's father, Joseph D. Eason? We think so. It is agreed between the litigants if plaintiff was chargeable with one-third of the indebtedness due by her mother to the estate of her father, Joseph D. Eason, the amount due her was $641.52, otherwise $1,381.61. In *Paschal v. Paschal,* 197 N. C., 40, citing authorities, it is said: "An advancement may be defined as a gift *in præsenti* or provision made by a parent on behalf of a child for the purpose of advancing said child in life, and thus to enable him to anticipate his inheritance to the extent of such advancement. C. S., 1654, rule 2."

Grandchildren are bound to bring in the advancements to their parents, but ordinarily not gifts to themselves. This rule is restricted by the statute to gifts from a parent to a child, N. C. Code (Michie), sec. 138. *Headen v. Headen,* 42 N. C., 159 (161).

If Joseph D. Eason had died intestate without a will, the plaintiff in this action, his granddaughter, before she could inherit from her grandfather had to bring into hotchpot the advancements made to her mother. In the present case plaintiff takes under the will of her grandfather, and the will must be construed.

At the date of the execution of the will by Joseph D. Eason his wife and nine children were living and two were dead. The two dead each left children. The mother of plaintiff left three children. Under the will he gave to his wife the house and lot on which they resided and a small farm. He gave to two of his sons, J. L. Eason and J. D. Eason, Jr., certain life insurance policies.

"Fourth: During my life I have loaned and advanced certain sums of money to certain of my sons and daughters which I wish taken in consideration in a division of my property, and for that purpose I direct that all advances or loans so made by me to any of my sons and daughters be accounted for, with interest, the amount to be finally received by those to whom such advances or loans have been made to be reduced proportionately.

"Fifth: All the balance, remainder and residue of the property that I may own at the time of my death, and which I have not hereinbefore specifically disposed of, I hereby bequeath and devise unto my wife, sons and daughters, and grandsons and granddaughters in the manner following and in the proportion set opposite their respective names, to wit":

Then he devises the balance into twelve parts:

"(A) K. T. Eason a one-twelfth interest thereof, etc.   . . .

"(L) A one-twelfth interest thereof I give, bequeath, and devise unto J. B. Eason in and upon the following trust, to wit: In trust to have, hold, retain and safely keep to the use and benefit of Grace Parker, Doris Parker, and Edith Parker (the daughters of my deceased daughter,

BRIGMAN v. BALEY.

Sallie Eason); and in this connection I direct said J. B. Eason, as such trustee, in his discretion and under the direction of the proper court, to expend and pay out said one-twelfth interest (one-third thereof to each) for the maintenance and education of said Grace Parker, Doris Parker, and Edith Parker during their minority, the balance, if any, remaining of their respective one-third of said one-twelfth interest to be paid by said trustee to said Grace Parker, Doris Parker, and Edith Parker, respectively, when they shall reach twenty-one years of age, but not before."

It would appear from Item 4 of the will, *supra,* "I direct that all advances or loans so made by me to any of my sons and daughters be accounted for," etc., when construed with Item 5 as to the residue of the property, there should be an equal distribution after deducting advancements—like in case of intestacy—equality is equity. It seems that the intent of the testator was to divide the residue of the estate after advancements were deducted. It also seems that none of the others interested under the will make the contention that plaintiff does, but are satisfied. It is estimated that if plaintiff's contention prevailed the children of Sallie Eason Parker would receive nearly 75 per cent more than any of the other children. For the reasons given, the judgment of the court below is

Affirmed.