MARY BENNETT ATKINSON AND HUSBAND, JOHN D. ATKINSON, PETITIONERS, v. ELEANOR BENNETT BENNETT AND HUSBAND, JOHN R. BENNETT, RESPONDENTS.

THE SCOTTISH BANK, A CORPORATION, ADMINISTRATOR OF EMILY P. BENNETT, DECEASED, PLAINTIFF, v. MARY BENNETT ATKINSON AND HUSBAND, JOHN D. ATKINSON, AND ELEANOR BENNETT BENNETT AND HUSBAND, JOHN R. BENNETT, AND MRS. AVIS F. NELSON, DEFENDANTS.

(Filed 30 June, 1955.)

**1. Descent and Distribution § 13—**

While a parent cannot change into an advancement that which was intended as a gift at the time of delivery, a parent may change into a gift that which was at the time of delivery intended as an advancement, and where more than a year after an alleged advancement, the parent executes a deed conveying all of her property in equal division between two of the children, without providing for advancements previously made, the asserted advancement to one of them should not be taken into account in the division of the property conveyed by the deed.

**2. Same—**

A gift to a child cannot be considered in applying the doctrine of advancements.

**3. Same—**

A child must account for advancements in order to share by inheritance or by distribution in the real estate and personal property owned by the parent at death, and therefore it must be ascertained that the parent left property before the question of advancements can arise.

**4. Appeal and Error § 40d—**

Where insufficient findings of fact appear of record to support the judgment, the judgment must be reversed and the cause remanded for further proceedings.

APPEAL by defendants Eleanor Bennett Bennett and John R. Bennett, from *Grady, E. J.,* January 1955 Civil Term, ROBESON Superior Court.

The cause first captioned above is a special proceeding instituted in Columbus County on 13 March, 1952, in which the petitioners ask that eight specifically described tracts of land and three additional lots be partitioned between Mary Bennett Atkinson and the respondent

ATKINSON *v.* BENNETT *and* BANK *v.* ATKINSON.

Eleanor Bennett Bennett, and that in the division Eleanor Bennett Bennett be charged with $28,500 alleged to have been advanced to her by Emily P. Bennett.

The second cause captioned above is a civil action instituted in the Superior Court of Robeson County on 16 June, 1953, by the Scottish Bank, Administrator of Emily P. Bennett, against Mary Bennett Atkinson and Eleanor Bennett Bennett and their husbands, praying for judgment against the Bennetts for (1) $28,500 advanced; (2) for possession and power to sell 140 shares of stock in Avant and Sholar, Inc., and other property belonging to the estate of Emily P. Bennett to pay taxes and costs of administration.

In their petition in the first cause, the Atkinsons allege (1) that Mrs. Mary Bennett Atkinson and her sister, Mrs. Eleanor Bennett Bennett, are the owners as tenants in common (each having a one-half interest) in certain real estate in Columbus County consisting of eight described tracts and, in addition, lots Nos. 15, 16 and 17 in the subdivision of the Gore property; (2) that Eleanor Bennett Bennett has been advanced the sum of $28,500 for which she should be required to account in the division.

In their answer and cross-action in the partition proceeding, the Bennetts allege (1) that Mrs. Emily Bennett conveyed the described lands to Mrs. Atkinson and Mrs. Bennett, and in addition she conveyed all her personal property to them; (2) that all personal property has been divided except a certificate of stock in Avant & Sholar, Inc.; (3) that Mrs. Bennett has never been advanced any sum whatsoever; (4) that in addition to the lands described in the petition, Mrs. Bennett and Mrs. Atkinson are equal owners of 35/100 interest as tenants in common of two additional tracts described in the cross-action which should also be included in the partition.

In the second action, the Scottish Bank, Administrator, alleges (1) that taxes are due on the estate of Mrs. Emily P. Bennett in the estimated sum of $30,000, including penalties and interest, and the estate is without funds with which to pay these assessments and the costs of administration; (2) that plaintiff's intestate owned 35/100 interest in two tracts of land in Columbus County (referring to a registered deed for description); (3) that Mrs. Eleanor B. Bennett has received $28,500 from Emily P. Bennett as a loan or advancement which is an asset of the plaintiff administrator; (4) that Mrs. Emily P. Bennett owned 140 shares of stock in Avant & Sholar, Inc., worth more than $30,000; (5) that the plaintiff administrator is entitled to the possession of the personal property and to the rents and profits from the real estate to the end that plaintiff may pay off and discharge the tax liability and costs of administering the estate.

The Atkinsons filed answer to the administrator's complaint, alleging (1) that Mrs. Emily P. Bennett conveyed the 35/100 interest in the Columbus County lands to Mrs. Atkinson and Mrs. Bennett who are the owners thereof; (2) that the stock in Avant & Sholar, Inc., was owned by Mrs. Emily P. Bennett, but that it should be divided in the settlement of the estate equally between Mrs. Atkinson and Mrs. Bennett; (3) that Mrs. Eleanor B. Bennett was advanced $28,500 for which she should account.

The Bennetts filed answer to the administrator's complaint, alleging (1) that plaintiff's intestate did not own the 35/100 interest in the described lands in Columbus County, but that same were conveyed to Mrs. Atkinson and Mrs. Bennett by deed from their mother, Emily P. Bennett; (2) that the shares of stock in Avant & Sholar, Inc., do not belong to the estate; (3) that shortly before her death Mrs. Emily P. Bennett conveyed by deed all her property, both real and personal, (including the stock in Avant & Sholar,.Inc.) to Eleanor B. Bennett and Mary B. Atkinson in equal shares; (4) that Emily P. Bennett, before making the deed on 28 October, 1949, made a gift of $23,500 to John R. Bennett, husband of Eleanor B. Bennett, for the purchase of a theatre and fixtures, for which neither John R. Bennett nor Eleanor B. Bennett should be required to account; (5) that more than three years elapsed between the date of the gift and the date the action was instituted, and that recovery is barred by the lapse of time and the three-year statute of limitations.

The partition proceeding in Columbus County and the administrator's action in Robeson County were "by consent consolidated for trial and the Columbus County case was, by order of the court, transferred to Robeson County. Thereafter, by consent, W. Osborne Lee was appointed referee to hear the evidence and report his findings of fact and conclusions of law."

The referee held hearings at which much testimony was taken relating to the contentions of the parties. In material substance so much of the evidence as the record discloses may be summarized as follows:

Mrs. Emily P. Bennett died intestate in Columbus County on 12 November, 1949, leaving as her heirs at law and distributees, three daughters: Mrs. Avis F. Nelson, Mary Bennett, now the wife of John D. Atkinson, Eleanor Bennett, now the wife of John R. Bennett. Mrs. Nelson has been fully advanced and does not assert any claim whatever to any property involved in these cases.

Prior to June, 1948, John R. Bennett and wife, Eleanor, lived in the home of the latter's mother, Mrs. Emily P. Bennett. John R. Bennett made plans to move to Winston-Salem to work for McLean Trucking Company. In order to provide a job for John R. Bennett so that he

and Eleanor would remain in Whiteville, Mrs. Emily Bennett delivered to him $23,500 in cash for the purchase of a theatre and fixtures in a nearby town.  The lot cost $10,000, the title to which was taken in the name of John R. Bennett.  The fixtures cost $13,500, the bill of sale for which was taken in the name of John R. Bennett and wife, Eleanor Bennett.  Later, Eleanor Bennett received a check for Building and Loan stock which her mother had purchased in the sum of $5,000, for which she has not accounted.  These transactions all took place prior to October, 1949.

On 28 October, 1949, Mrs. Emily P. Bennett executed a deed (not included in the record) which, according to the evidence of Clayton C. Holmes, attorney who drew it, conveyed property to her two daughters, Mrs. Atkinson and Mrs. Bennett.  "It was her (Mrs. Emily P. Bennett) instructions and intentions that the two daughters should have all her property, share and share alike . . . at that time she and I both understood that I had included in this deed, which deed is dated October 28, 1949, now of record in Columbus County in Book 186 at page 373, that it included the Avant & Sholar property and later found out it didn't, and another deed was executed to the same effect."  The deed also contained the following: "Also a one-half interest to said Eleanor Bennett and one-half interest to said Mary E. Bennett (now Mrs. Atkinson) in and to all the personal property and mixed property of every nature, description and kind, including automobiles, household and kitchen furnishings, stocks, bonds, notes, and money which the said party of the first part owns or in which she has any interest."

The referee made findings of fact and stated as his conclusions of law based thereon, the following:

1. That it was intended and a *prima facie* presumption arose that the defendants John R. Bennett and Eleanor Bennett Bennett should repay the aforesaid moneys ($23,500).

2. That the cause of action set out by the plaintiff and the defendants Atkinson is not barred by the statute of limitations pleaded.

3. That the plaintiff administrator is entitled to recover of the defendants John R. Bennett and Eleanor Bennett Bennett the sum of $23,500 with interest on $13,500 from 25 February, 1948, until paid, and interest on $10,000 from 2 July, 1948, until paid, both at the rate of six per cent per annum.

The Atkinsons filed exceptions to the report, contending the referee committed error in failing to hold Mrs. Eleanor Bennett Bennett was advanced $28,500 instead of $23,500 as found by the referee.  The Bennetts filed exceptions to the findings and conclusions that Mrs. Bennett had been advanced any sum whatsoever, contending that the money delivered by Mrs. Emily P. Bennett to John R. Bennett was a gift, or at most a loan which was barred by the statute of limitations.

On appeal, the Judge of the Superior Court made findings of fact set forth in 13 numbered paragraphs and stated the following conclusions of law:

1. That John R. Bennett and Eleanor B. Bennett should repay $28,500 with interest from the death of Mrs. Emily P. Bennett.

2. That the cause of action is for advancements and is not barred by the statute of limitations.

3. That the property should be partitioned between Mary Bennett Atkinson and Eleanor Bennett Bennett, first allowing to Mrs. Atkinson property of the valuation of $28,500, and the remainder equally divided.

To certain of the findings of fact and all the conclusions of law above stated, John R. Bennett and Eleanor B. Bennett filed specific exceptions and appealed, assigning errors.

*McLean & Stacy for respondents, appellants.*
*Varser, McIntyre & Henry for defendants Atkinson, appellees.*

HIGGINS, J. The pivotal question in this case is whether the money delivered by Mrs. Emily P. Bennett to John R. Bennett ($28,500 according to the Atkinsons, $23,500 according to the Bennetts) was an advancement to Eleanor B. Bennett or a gift to John R. Bennett. Bearing on the main question and necessary to its solution are certain issues raised by the pleadings. These secondary, though apparently controlling issues are omitted from the findings, conclusions, and judgment of the trial court.

The pleadings raise the question whether the deed executed by Mrs. Emily P. Bennett on 12 November, 1949, conveyed *all her property,* both real and personal, to Mary B. Atkinson and Eleanor B. Bennett to be equally divided between them. The deed is not a part of the record. The only evidence bearing on the question is the testimony of Mr. Holmes, who drew the deed. "It was her instructions and intention that the two daughters should have all the property, share and share alike." It does not appear that she owned any other property at the time of her death and it cannot be presumed that she did. *Headen v. Headen,* 42 N.C. 159.

Assuming, but not deciding, the mother made an advancement in June or July, 1948, to her daughter, Eleanor B. Bennett, as found by the trial court, and on 28 October, 1949, executed and delivered a warranty deed conveying all her property to her daughters, Mary B. Atkinson and Eleanor B. Bennett, to be equally divided between them, can the advancement be taken into account in the division of the property conveyed by the deed, or do the terms of the deed control? In making the deed without providing for advancements previously made, did not

the parent cancel out the advancement in so far as the property conveyed by the deed is concerned? While a parent cannot change into an advancement that which was intended as a gift at the time of delivery, there is no apparent reason why a parent cannot by deed change into a gift that which was at the time of delivery intended as an advancement. *Prevette v. Prevette,* 203 N.C. 89, 164 S.E. 623; *Parker v. Eason,* 213 N.C. 115, 195 S.E. 360.

For another reason equally compelling, we must hold as error the trial court's conclusion and order that in the division of property conveyed by the deed Mrs. Atkinson first must be allotted property of the value of $28,500 and the remainder be equally divided. Under G.S. 29-2, a child must account for advancements in order to share by inheritance or by distribution in the real estate and personal property owned by the parent at the time of death. The child must first put into hotchpot that which has been advanced in order to share in the undisposed of property which the parent left. The child may elect to keep that which has been advanced, but in so doing he is excluded from sharing further until the other children have been made equal. To quote further from *Headen v. Headen, supra,* "It is true the Act does not provide for the case of advancement to the same child of both kinds of property (real and personal); and it was not necessary to do so in order to give effect to the purpose of the Legislature; which was to establish perfect equality in division of intestate's whole estate, real and personal, among his children, *excepting only that no property given by a parent to a child is in any case to be taken away.*" (Emphasis added.) The case from which the above is quoted has often been cited with approval—the last time in *King v. Neese,* 233 N.C. 132, 63 S.E. 2d 123.

The preliminary question, whether there is any property to divide, must be answered in the affirmative before the question of advancements arises. Since an affirmative answer does not appear in the record (except by allegation without proof) the case must go back for a further hearing. If further inquiry discloses the mother left an estate, any advancements must be made up to Mrs. Atkinson, first from personalty, if sufficient; if not, then from realty under the formula given in *King v. Neese, supra.* Ahead of advancements must come the cost of settling the estate, including taxes.

The judgment ordering that Mrs. Atkinson be allotted $28,500 of the property embraced in the deed before equal division shall begin is without support, either in fact or in law, must be reversed. *Thigpen v. Bank,* 203 N.C. 291, 165 S.E. 720; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178.

It is realized, of course, that the able lawyers who prepared the record and briefs did so in the light of their detailed and intimate knowledge of the facts in the case. The record was prepared in the light of such background. The learned judge who rendered the judgment had the benefit of the transcript of all the testimony developed in the hearings as well as unlimited time to hear arguments. The appellate court, in the nature of things, does not have these advantages. On the record as here presented, we deem it necessary to reverse the judgment and remand the case for further hearing and judgment not inconsistent with this opinion.

Reversed and remanded.