CITY OF NEW BERN, A MUNICIPAL CORPORATION v. S. R. WHITE, TRADING
UNDER THE FIRM NAME AND STYLE OF S. R. WHITE & SON; AND MARY-
LAND CASUALTY COMPANY, A CORPORATION.

(Filed 14 October, 1959.)

1. Controversy Without Action § 2—

Where a cause is submitted to the court on a statement of facts
agreed, the facts agreed are in the nature of a special verdict and con-
stitute the sole basis for decision, and the court may not hear evidence,
make additional findings or infer or deduce other facts from those
stipulated.

2. Fraud § 1—

The essential elements of actionable fraud are a definite and specific
representation which is materially false, which is made with knowledge
of its falsity or in culpable ignorance of its truth and with fraudulent
intent, which representation is reasonably relied on by the other party
to his deception and damage.

3. Fraud § 11—

In this controversy without action, the facts agreed *are held* insuffi-
cient predicate for the adjudication of fraud, the facts being insufficient
to show some of the essential elements of fraud, particularly that of
fraudulent intent.

4. Appeal and Error § 49—

Where the facts agreed are insufficient to support the judgment in a
controversy without action, the cause must be remanded.

5. Appeal and Error § 55—

Where there are insufficient facts to support the judgment for de-
fendant on his counterclaim it is not necessary to consider defendant's
exception to the exclusion of certain elements of damage on the count-
erclaim, since the entire cause must be remanded on plaintiff's appeal
for further proceedings in accordance with the rights of the parties.

HIGGINS, J., not sitting.

APPEAL by both plaintiff and defendant White from judgment on
agreed facts submitted to resident judge of Superior Court, Third
Judicial District of North Carolina.

Civil action instituted by the city of New Bern against S. R. White,
Jr., trading as S. R. White & Son, and Maryland Casualty Company,
surety on performance bond given by White for breach of contract
between plaintiff and defendant White to install sanitary sewer on
certain streets in city of New Bern.

Defendants answering deny in material aspects the allegations of
the complaint. And, further answering, and for counterclaim defend-
ant White set up claim for damages *quantum meruit*, alleging that he,
defendant, is entitled to a rescission on ground of fraud of plaintiff,

or in the alternative, mutual mistake, as to subterranean conditions encountered during excavation.

The case was submitted to Bundy, J., Resident Judge, Third Judicial District of North Carolina on "the agreed facts of the case" set out in twenty-seven paragraphs as shown in the record under title "Agreed Statement of Facts." The record shows that the cause by consent came on for hearing before the judge aforenamed, on 9 November, 1958, "upon an agreed statement of facts" and at said hearing arguments of counsel for both plaintiff and defendants were presented to the court. And "based upon the pleadings in this case, the arguments of counsel, and the agreed Statements of Facts" the court finds as facts the following:

"1. That this action was instituted by the City of New Bern by the issuance of a summons and the filing of a complaint on August 20, 1956.

"2. That the defendants filed Answer on October 11, 1956, and in said answer set up certain matters and things as a counterclaim and prayed for affirmative relief in the sum of Eight Thousand Two Hundred Eight and 30/100 ($8,208.30) Dollars.

"3. That on December 12, 1957, the plaintiff filed its reply to the answer of the defendants.

"4. That this action is now pending in the Superior Court for Craven County.

"5. All those facts agreed to by the parties as set out in the written Agreed Statement of Facts filed in this cause, and said Agreed Statement of Facts is incorporated herein and made a part hereof as fully as if set out in detail."

And upon said findings of facts the court concluded as matter of law:

"(1) That the plaintiff in this action made a definite and specific representation to the defendant * * * White * * * that there was no gas main extending along the north side of South Front Street and the east side of Metcalf Street.

"(2) That the representation made * * * was materially false in that a gas main was in fact located along the north side of South Front Street and the eastern side of Metcalf Street in the approximate location of the proposed storm sewer thus interfering with the performance of the contract according to the specifications by the defendant * * * White * * * .

"(3) That the plaintiff had actual knowledge of the falsity of its representation at the time of and prior to the making of such representation.

"(4) That the representation on the part of the plaintiff was made

with the full knowledge of its falsity and with an intent, in law, to defraud the said defendant * * * White * * * .

"(5) That the defendant * * * White * * * relied upon said representation in conducting his investigation, preparing his estimate and submitting his bid.

"(6) That the representation on the part of the plaintiff deceived the defendant * * * White * * * and caused him to suffer loss.

"(7) That the defendant * * * White * * * is not entitled to recover any sums expended or any indebtedness incurred over and above the contract price for any work performed south of South Front Street, except $170.00 which the plaintiff expressly authorized for the purchase of select borrow material."

And the record shows "IT IS THEREFORE, UPON SUCH FINDINGS OF FACT AND CONCLUSIONS OF LAW, ORDERED AND ADJUDGED that the defendant * * * White * * * have and recover of the plaintiff by reason of the counterclaim set up in the said answer of the defendant * * * White * * * have and recover the sum of Five Thousand Four Hundred Eighteen Dollars and Twenty Cents ($5,418.20) and interest thereon from the 6th day of June, 1956; the said amount being the sum of the contract price for the work performed south of South Front Street, rental for the 'Well Point System' from May 20 to June 6, 1956, — 17 days @ $65 per day, the $170.00 expressly authorized by the plaintiff, and the items for the other work performed according to the Agreed Statement of Facts * * *."

And to the rendition and signing of the foregoing judgment and to each conclusion of law, the plaintiff in apt time objects and excepts and gives notice of appeal to the Supreme Court and to the rendition and signing of the foregoing judgment and particularly to the conclusion of law #7, the defendant * * * White * * * in apt time objects and excepts and gives notice of appeal to the Supreme Court. Case on appeal is by consent of parties settled by the Judge. And the parties duly set out their respective assignments of error.

*A. D. Ward for plaintiff appellant and appellee.*

*Ward & Tucker, Dunn & Dunn for defendant White appellant and appellee.*

WINBORNE, C. J. *Plaintiff's Appeal:* Plaintiff contends and we hold rightly that the findings of fact submitted to the court are insufficient to support the judgment from which appeal is taken.

The facts agreed are in the nature of a special verdict upon which

the court is requested to render judgment arising as a matter of law thereon. The facts agreed constitute the sole basis for decision. And the court is not permitted to hear evidence, make additional findings, or infer or deduce other facts from those stipulated. See *Sparrow v. Casualty Co.,* 243 N.C. 60, 89 S.E. 2d 800, and numerous other cases designated in Strong's N. C. Index- Controversy Without Action, Sec. 2.

In this connection the agreed facts set out in the record appear insufficient to establish all of the essential elements of actionable fraud. "The essential elements of actionable fraud or deceit are the representation, its falsity, scienter, deception, and injury. The representation must be definite and specific; it must be materially false; it must be made with knowledge of its falsity or in culpable ignorance of its truth; it must be made with fraudulent intent; it must be reasonably relied on by the other party; and he must be deceived and caused to suffer loss," as stated by *Adams, J.,* for the Court in *Electric Co. v. Morrison,* 194 N.C. 316, 139 S.E. 455. See also *Berwer v. Ins. Co.,* 214 N.C. 554, 200 S.E. 1, and cases cited.

Testing the agreed facts here involved by this statement of law, some of the elements of fraud, particularly that as to fraudulent intent are lacking

And where findings arc insufficient to support the judgment, the cause must be remanded for further proceeding in conformity with direction given in *Trustees v. Banking Co.,* 182 N.C. 298, 109 S.E. 6. See *Atkinson v. Bennett,* 242 N.C. 456, 88 S.E. 2d 76, and citation of cases in Strong's N. C. Index- Appeal and Error, Sec. 49, note 590. And it is so ordered.

### *Defendant White's Appeal:*

Since the counterclaim of defendant White is predicated in the main upon the alleged actionable fraud of plaintiff, the cause of action therefor is without valid basis until issue of fraud is determined. Therefore the Court's ruling that the cause must be remanded as directed on plaintiff's appeal necessitates the setting aside the judgment in favor of defendant White, and the remanding of the whole case.

On Plaintiff's Appeal— Error and remanded.

On Defendant White's Appeal— Error and remanded.

HIGGINS, J., not sitting.