### J. B. SMITHWICK v. W. H. WHITLEY.

(Filed 20 April, 1910.)

PLAINTIFF'S APPEAL.

#### Usurious Contracts—Voluntary Payment.

An action to recover money alleged to be paid under duress, will not lie, when it appears that plaintiff in possession of the land under a contract to purchase at a certain price, had given

his various notes to defendant, who withheld the deed; that defendant, who denies the validity of the contract, forced him, after he had remained on the lands and improved them, to pay a higher price in order to obtain his deed. The payment of the difference by plaintiff was voluntary in order to get an adjustment of the dispute without litigation.

APPEAL from *Ward, J.,* at December Term, 1909, of BEAU-FORT.

Civil action to recover $280 alleged to have been paid under duress. The facts are as follows:

On 3 December, 1900, plaintiff made a contract with defendants to purchase a piece of land containing 13 82-100 acres, for $483.72, and to give in payment ten notes of $46.99 each, one to be paid annually, secured by mortgage on land, and the balance in cash. The plaintiff alleges and proves that said notes and mortgage were delivered to defendant, and the bargain consummated at that time (the mortgage and notes being executed about a month thereafter and delivered to defendant, and the deed bearing date 31 December, 1900; with acknowledgment of grantor on 15 January, 1901, being left with defendant to be registered). The plaintiff went into possession of the land and began clearing it. Defendant denies that the deal was consummated, or that the notes and mortgage were left with him. Deed had not been turned over to plaintiff. Some time in February, 1904, defendant notified plaintiff that his deal on the swamp land was off. On 4 March, 1904, plaintiff went to see defendant, and defendant said, if he (plaintiff) would make it $50 an acre, he would give him (plaintiff) the deed. The price agreed on in December, 1900, and the consideration named in the deed, having been $35 per acre. After considerable talk, plaintiff agreed to pay the price demanded rather than lose the land he had been working on for three years. He had ditched it, fenced it, and got it in tillable condition. He paid $275, the amount demanded, and defendant gave him his deed dated 31 December, 1900.

Upon an intimation by the court as to the charge, plaintiff submitted to a nonsuit and appealed.

*Ward & Grimes* for plaintiff.
*Small, MacLean & McMullan* for defendant.

BROWN, J. We agree with his Honor, that the cause of action, upon plaintiff's own evidence, is barred by the statute of limitations, assuming that a cause of action had been made out. But no cause of action for duress is made out in the evidence or stated in the complaint.

LAMBETH *v.* POWER COMPANY.

The payment of the $280 in order to get a deed for the land was voluntary. The plaintiff had a right to stand on his legal rights in the land, if he had any, and assert his equities in the courts of the State.

Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will. 14 Cyc., 1123, and cases cited. *Bank v. Logan,* 99 Ga., 291; *Mathews v. Smith,* 67 N. C., 374; *Miller v. Miller,* 68 Pa. St., 486.

Duress is commonly said to be of the person where it is manifested by imprisonment, or by threats, or by an exhibition of force which apparently cannot be resisted. Or it may be of the goods, when one is obliged to submit to an illegal exaction in order to obtain possession of his goods and chattels from one who has wrongfully taken them into possession. *Astley v. Reynolds,* 2 Strange, 915, is a leading case on this subject. *Hackley v. Hackley,* 45 Mich., 573.

There is neither duress of the person nor goods there. The plaintiff was in actual possession of the land and the defendant denied his title, claiming that the "deal had not been consummated." In order to get a deed, plaintiff acceded to defendant's demand and paid the advanced price. Upon all the authorities it was a voluntary payment, an adjustment of the dispute.