The pleadings and evidence tended to show that the United Talc and Crayon Company, Incorporated, executed a mortgage deed to the defendant, Rachel Levey, to secure a bond in the sum of $15,200 upon certain land known as the Talc Mine, and that on 23 November, 1927, the building and machinery on said land used in operating the mine was burned and destroyed by fire; that thereafter the defendants and the agent of plaintiff entered into negotiations to purchase a lot of land for the purpose of erecting a new building for mining purposes, said land to be conveyed to a new corporation to be organized and known as *Page 243 
United Talc and Crayon Manufacturing Company; that thereupon the defendants agreed to loan to the new corporation to be used in the development of the business an additional sum of $10,000. The plaintiff undertook to close the transaction and purchased the land, taking deed thereto in his own name. The defendants demanded security for the additional money advanced to the new enterprise, and in the negotiations discovered that the title to the property was not in the name of the new corporation but in the name of plaintiff.
The evidence for defendants further tended to show that the plaintiff refused to convey the land to the corporation unless the defendants would turn over to him $5,000 of the proceeds of the $15,200 mortgage. Thereupon the defendants executed an assignment, dated 30 June, 1928, and recorded 7 July, 1928. In substance the assignment provides that the defendants have "sold and assigned and set over" to the plaintiff and his personal representatives "the sum of $5,000 of the principal of the note of bond in the sum of $15,200, made by United Talc and Crayon Company, Incorporated, payable to Mrs. Rachel Levey, dated 24 March, 1927, secured by a mortgage deed on certain real estate in Moore County. . . . The said sum of $5,000 and interest shall first be paid to said Henry Luff and his personal representatives before the said parties of the first part (defendants) shall participate in any amount of money which said real estate may bring at any sale under foreclosure for said mortgage." The defendants admitted the execution of said assignment but offered evidence which they assert tended to show that the assignment was procured by means of fraud, duress and without consideration. The assignment was drawn by a reputable attorney and the defendant, Joseph Levey, testified that the plaintiff said to him: `I won't turn over the property until you give me $5,000,' and I had to decide one way or the other." He further testified that the plaintiff's agent said: "If you will give me $5,000 as a bonus, I will convey this property from Henry Luff to the new corporation, and you will get your mortgage," to which the defendant replied: "Why should I give you $5,000?" to which the plaintiff's agent replied: "Just because I want it."
The plaintiff alleged that $2,000 had been paid on the assignment and sued to recover $3,000 with interest thereon.
The court ruled that the burden of proof was upon the defendant and submitted the following issues:
1. "Was the execution of the assignment sued on, from Joseph Levey and his wife, Rachel Levey, to the plaintiff, Henry Luff, obtained by fraud, as alleged in the further defense?" *Page 244 
2. "Was the execution of the assignment sued on, from Joseph Levey and his wife, Rachel Levey, to the plaintiff, Henry Luff, obtained by duress as alleged in the further defense?"
3. "What amount, if any, remains unpaid by the defendants, Joseph Levey and his wife, Rachel Levey, to the plaintiff, Henry Luff, on said assignment?"
4. "Is the plaintiff, Henry Luff, entitled to a foreclosure of the mortgage referred to in the assignment recorded in Book 49, at page 336 of the records of mortgage deeds of Moore County?"
Thereupon the trial judge instructed the jury, if they found "the facts to be as shown by all the evidence both oral and documentary" to answer the first issue "no," the second issue "no," the third issue "$3,000 with interest," and the fourth issue "yes."
From judgment upon the verdict the defendants appealed.
The defendants seek to set aside an assignment of the proceeds of a certain note owned by the feme defendant, upon the ground of fraud, duress and failure of consideration. The only evidence of fraud offered at the trial was to the effect that the plaintiff, acting through an agent, refused to convey a tract of land to a corporation in which both plaintiff and defendants were interested and to have a mortgage executed thereon and delivered to the defendants as security for sums advanced by the defendants to the new enterprise. We perceive no element of fraud in this phase of the transaction, nor is there any evidence of duress as contemplated and defined by law. The defendants had a right to stand upon their legal rights and assert them in a court of justice. The applicable rule of law is tersely stated in Smithwick v. Whitley, 152 N.C. 369, 67 S.E. 913, as follows: "Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will." The testimony offered at the trial was not of sufficient or definite probative value to be submitted to the jury. Moreover, on 7 July, the date of the recording of the assignment in controversy a certain release was executed and recorded, and this, together with other negotiations between the parties, constituted a consideration, sufficient in law to support the contract.
No error. *Page 245