JAMES B. ADDER v. HOLMAN & MOODY, INCORPORATED

No. 7422SC1051

(Filed 7 May 1975)

1. Duress— duress of goods

    Where defendant rebuilt plaintiff's car into a dragstrip racer, plaintiff acquired possession of the car and the engine thereafter blew up, plaintiff returned the car to defendant's place of business, and defendant refused to allow plaintiff to regain possession of the car until plaintiff signed a paper writing releasing defendant from liability for poor workmanship and a promissory note for the balance due for the original work done on the car, the release and promissory note were wrongfully obtained by duress of goods and are unenforceable.

2. Mechanics' Liens § 1— voluntary relinquishment of possession

    Any possessory lien defendant might have acquired under G.S. 44A-2 for work done on plaintiff's car was terminated when defendant voluntarily relinquished possession of the car to plaintiff after completion of the work and was not reinstated upon defendant's reacquisition of the car. G.S. 44A-3.

    Judge VAUGHN dissents.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 11 September 1974 in Superior Court, DAVIDSON County. Heard in the Court of Appeals on 20 February 1975.

Plaintiff instituted this action to recover for injuries allegedly resulting from defendant's negligence and breach of implied warranty in rebuilding plaintiff's automobile. In his answer, defendant denied plaintiff's allegations of negligence and alleged that plaintiff had released it from any liability arising out of the facts set forth in the complaint. By way of counterclaim, defendant sought recovery on a promissory note allegedly

Adder v. Holman & Moody, Inc.

executed by plaintiff for the sum of $1,538.03. Plaintiff filed a reply denying the allegations of defendant and asserting in part that defendant had unlawfully held plaintiff's automobile; that in order to obtain possession thereof plaintiff signed the two paper writings purporting to be a release and a promissory note; and that the paper writings were obtained by unlawful duress.

With the consent of the parties, the questions concerning the release were tried by the court sitting without a jury and in advance of a trial on the issue of damages. Having heard evidence presented by both parties, the trial court made findings of fact substantially as follows: Pursuant to an agreement between the parties, defendant agreed to rebuild plaintiff's automobile into a dragstrip racer. After completion of the work, plaintiff borrowed $2,500.00 from the Bank of Commerce, and defendant endorsed the note. The $2,500.00 was paid to defendant. In addition, defendant received plaintiff's personal check of $1,538.03 for the balance due on the contract, and plaintiff acquired possession of the car. However, the check was not honored by the bank due to insufficient funds. Several weeks later, while plaintiff was warming up the engine for a race, the engine blew up, causing extensive damage. The next day plaintiff took the car back to defendant's place of business and left it. Subsequently, plaintiff asked defendant for the car but was told that he could not have it until he paid the note at the Bank of Commerce and paid defendant the balance due on the contract (the balance due was $1,538.03). In a telephone conversation, plaintiff's attorney and defendant's attorney agreed that plaintiff would give defendant a certified check payable to the Bank of Commerce in the amount of $2,500.00 as payment on the note, that defendant would release the car to plaintiff, and that the parties would sit down and discuss payment of the balance due on the contract. Pursuant to the telephone conversation, plaintiff went to defendant's place of business but was told that defendant would not release the car until some arrangements were made regarding the balance due defendant. At that time plaintiff agreed to pay the balance in several weeks. Defendant contacted its attorney and then prepared a promissory note in the amount of $1,538.03 representing the balance due. Defendant also prepared a paper writing releasing defendant from any liability resulting from poor workmanship (or other objections) and providing that if defendant undertook suit against plaintiff on the note, plaintiff would not plead any defenses against pay-

ment on the same. In order to obtain possession of the car, plaintiff signed the note and the release.

The trial court further found that plaintiff had read and understood what he was signing and that the release was supported by consideration in that (1) defendant extended time for the plaintiff to pay his indebtedness, (2) defendant agreed to waive the interest if said indebtedness was paid before 10 August 1972, and (3) defendant released plaintiff's automobile to plaintiff. In addition, it was found that there was no evidence of fraud or fraudulent misrepresentation on the part of defendant in the procurement of the release.

Based on its findings of fact, the court concluded that the release was valid and barred plaintiff's action and ordered that defendant recover on its counterclaim the sum of $1,538.03 with interest. Plaintiff appealed.

*Wilson & Biesecker, by Roger S. Tripp and Joe E. Biesecker, for plaintiff appellant.*

*Grubb and Penry, by Robert L. Grubb, for defendant appellee.*

MARTIN, Judge.

The trial court treated the release as a bar to plaintiff's action for damages and allowed defendant to recover on the promissory note. It also found that the release and the note were signed by plaintiff in order to regain possession of his car. The question arises as to whether the release and note were obtained by duress or, to be more accurate, by duress of goods.

> "Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will. . . . Duress is commonly said to be of the person where it is manifested by imprisonment, or by threats, or by an exhibition of force which apparently cannot be resisted. Or it may be of the goods, when one is obliged to submit to an illegal exaction in order to obtain possession of his goods and chattels from one who has wrongfully taken them into possession." *Smithwick v. Whitley,* 152 N.C. 369, 67 S.E. 913 (1910); *Joyner v. Joyner,* 264 N.C. 27, 140 S.E. 2d 714 (1965). *See* 13 Williston, Contracts, § 1616 (3d ed. 1970).

Adder v. Holman & Moody, Inc.

[1] ·Clearly,· plaintiff signed the release and note in order to obtain possession of his car and would not have signed them otherwise. In his testimony plaintiff indicated that he wanted his car because it had been sitting at defendant's place of business for "a good while" and he needed it and had to have it. He further testified that he was "over a barrel" because he had a $10,000.00 car sitting there and "couldn't see losing it for a signature." In accordance with a telephone conversation between the attorneys for the respective parties, plaintiff obtained a certified check for $2,500.00 and returned to get his car back when defendant demanded a release and promissory note as well. Under the circumstances, plaintiff was forced into signing the documents.

[2] The remaining question for determination is whether defendant's refusal to return plaintiff's car was "wrongful." In our opinion it was. Defendant had no right to retain possession of the car in the face of plaintiff's demand for same. Any possessory lien which defendant might have acquired under G.S. 44A-2 for its prior services was terminated when defendant voluntarily relinquished possession of the car to plaintiff after completion of the work. *See* G.S. 44A-3. Possession is necessary to the existence of the lien. *Reich v. Triplett,* 199 N.C. 678, 155 S.E. 573 (1930). "The reacquisition of possession of property voluntarily relinquished shall not reinstate the lien." G.S. 44A-3. There is no evidence that defendant performed additional work after the car was returned to it. It is clear that defendant had no intention of preserving its lien.

Having no right to retain possession of the car, defendant wrongfully exacted a release and promissory note from plaintiff. Consequently, neither the release nor the note are enforceable. Of course, defendant may still have his claim for the underlying debt representing the balance due on the contract.

Reversed.

Chief Judge BROCK concurs.

Judge VAUGHN dissents.