Barnes v. Barnes

MILDRED R. BARNES v. WILLIAM E. BARNES

No. 767SC273

(Filed 21 July 1976)

1. **Rules of Civil Procedure § 6— notice of hearing of motion — motion heard at session case calendared for trial**

Notice to defendant of the hearing of plaintiff's motion for summary judgment in accordance with G.S. 1A-1, Rule 6(d) and (e) was not required where the case was calendared for trial at the session the motion was heard. G.S. 1A-1, Rule 7(b)(1).

2. **Husband and Wife § 10— separation agreement — consideration**

A separation agreement was supported by consideration where it was under seal and provided benefits to both parties.

3. **Husband and Wife § 12— separation agreement — failure to show fraud — summary judgment**

The trial court properly entered summary judgment for plaintiff on defendant's cross action to rescind a separation agreement on the ground of fraud where defendant admitted on deposition that he read, signed and understood the separation agreement, defendant's strongest assertion was that he was led to believe that the more agreeable he was the better chance he had of plaintiff coming back to him, and defendant stated that neither plaintiff nor her attorney told him that plaintiff would go back to him if he would sign the agreement.

APPEAL by defendant from judgment of *Tillery, Judge,* entered 31 October 1975 and judgment of *Browning, Judge,* entered 12 November 1975 in Superior Court, WILSON County. Heard in the Court of Appeals 18 June 1976.

Plaintiff instituted these actions for purpose of obtaining an absolute divorce from defendant and to compel him to comply with the provisions of a separation agreement.

On 18 December 1972 plaintiff filed two complaints, one in district court (#2252) and the other in superior court (#2253). In the former she asked for a divorce on the ground of one year's separation. In the latter she sought enforcement of the terms of a separation agreement dated 2 September 1970 and particularly provisions of the agreement granting her the right to possess certain personal property.

Defendant filed answers denying material allegations of both complaints. He also filed a cross action in each case alleging abandonment by plaintiff, execution of the separation agreement solely for the purpose of inducing plaintiff to return home,

and termination of his obligations under the agreement due to plaintiff's institution of the divorce action and her failure to qualify as a dependent spouse.

Plaintiff filed motions for summary judgment on defendant's cross actions in both cases, the motions being supported by an affidavit and a copy of the separation agreement setting forth that the agreement provided that defendant's support obligations would continue after divorce between the parties. She also filed answers denying material allegations of the cross actions.

On 27 March 1973 plaintiff was granted a divorce and defendant was allowed time within which to amend his pleadings. On 29 March 1973 he filed amended cross actions alleging three alternative theories for recision of the separation agreement: (1) fraud, (2) lack of consideration for the provisions allowing plaintiff to possess the personal property in question, and (3) lack of consideration for defendant's agreement to pay plaintiff $1,500 per month, resulting in his being damaged to the extent of $44,500.

Plaintiff's motion to consolidate the two cases in superior court was granted on 12 April 1973. On 1 June 1973 defendant filed replies to plaintiff's motions for summary judgment and an affidavit stating that plaintiff's attorney induced him to sign the separation agreement by leading him to believe that plaintiff would return to him if he did so. On 2 July 1974 Judge Browning denied plaintiff's motions for summary judgment.

On 16 January 1975 plaintiff filed a third complaint (#30) in which she alleged that defendant had ceased making the support payments required by the separation agreement and because thereof was indebted to plaintiff in the sum of $9,000. On 18 March 1975 defendant answered the new action and asserted as a counterclaim the same three theories for recision of the separation agreement set forth in the two pending cross actions.

The causes were calendared for trial at the 29 September 1975 session. On 24 September 1975 plaintiff and defendant were deposed. On 25 September 1975 plaintiff moved for judgment on the pleadings with respect to the cross actions based on lack of consideration; she also moved for summary judgment

in all three cases. By consent the three cases were consolidated for hearing. Following a hearing held during the 29 September 1975 session Judge Tillery entered judgment dismissing the cross actions based on lack of consideration.

Plaintiff's motions for summary judgment were heard at the 10 September 1975 session. Following a hearing, Judge Browning entered judgment allowing plaintiff's motion for summary judgment and ordering defendant to pay $24,000 for support payments then due, plus interests and costs.

Defendant appealed from both judgments.

*Narron, Holdford, Babb & Harrison, by William H. Holdford, and Dees, Dees, Smith, Powell & Jarrett, by William A. Dees, Jr., for plaintiff appellee.*

*Farris, Thomas & Farris, by Robert A. Farris, for defendant appellant.*

BRITT, Judge.

[1]   Defendant contends the trial court erred in hearing plaintiff's motions during the 29 September 1975 session for the reason that defendant was not given notice as required by G.S. 1A-1, Rule 6(d) and (e). This contention has no merit. As this court held in *Sims v. Trailer Sales Corp.*, 18 N.C. App. 726, 198 S.E. 2d 73 (1973), *cert. denied*, 283 N.C. 754, 198 S.E. 2d 723 (1973), Rule 7(b)(1) is applicable since the cases were calendared for trial at the 29 September session. Furthermore, with respect to the motions for summary judgment, defendant was not prejudiced as no action was taken on them pursuant to the September hearing, another hearing on those motions being held at the 10 November session.

Defendant contends Judge Tillery erred in entering judgment on the pleadings regarding his cross actions based on lack of consideration. This contention has no merit.

The separation agreement was pleaded by reference in defendant's amended cross actions, therefore, the agreement was before the court on the motions for judgment on the pleadings. We think the attack on the agreement for lack of consideration must fail for two reasons.

[2]   First, the agreement was under seal, which imports consideration. *Honey Properties, Inc. v. Gastonia*, 252 N.C. 567,

114 S.E. 2d 344 (1960), and cases therein cited. As was said by Chief Justice Pearson in *Harrell v. Watson,* 63 N.C. 454, 456 (1869), and quoted in *Honey Properties,* "[t]he solemn act of sealing and delivering is a *deed, a thing done* which, by the rule of the common law, has full force and effect, without any consideration."

In the second place, a reading of the agreement discloses that it provided benefits to both parties. It is elementary contract law that " . . . any benefit, right, or interest accruing to the promisor, or any forbearance, detriment, or loss suffered or undertaken by the promisee, is sufficient consideration to support a contract. . . ." 2 Strong, N. C. Index 2d, Contracts § 4, pp. 296-7.

Defendant's contention that Judge Browning erred in granting plaintiff's motions for summary judgment likewise has no merit. Summary judgment was appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, showed that there was no genuine issue as to any material fact and that plaintiff was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56.

[3]    Defendant's remaining ground for attack on the separation agreement is on the basis of fraud on the part of plaintiff or her attorney. The essential elements of actionable fraud are (1) a definite and specific representation which is materially false, (2) the making of it with knowledge of its falsity or in culpable ignorance of its truth and with fraudulent intent, and (3) reasonable reliance on it by the other party to his deception and damage. *Johnson v. Owens,* 263 N.C. 754, 140 S.E. 2d 311 (1965); *New Bern v. White,* 251 N.C. 65, 110 S.E. 2d 446 (1959).

The record is completely devoid of any evidence of fraud on the part of plaintiff or anyone acting on her behalf. On deposition defendant admitted that he read, signed, and understood the contents of the separation agreement. He further stated positively that neither plaintiff nor her attorney misrepresented anything to him. When asked if plaintiff or her attorney told him if he would sign the agreement plaintiff would go back to him, he stated positively that they did not. His strongest assertion was "I was led to believe that the more agreeable I was the better chance I had of her coming back."

We have considered the other contentions argued in defendant's brief and find no merit in them.

We hold that summary judgment in favor of plaintiff was proper.

For the reasons stated, the judgments appealed from are

Affirmed.

Judges HEDRICK and MARTIN concur.