HELENA CHEMICAL COMPANY v. E. L. RIVENBARK AND WIFE, ELIZABETH G. RIVENBARK

No. 7913SC511

(Filed 4 March 1980)

1. **Bills and Notes §§ 4, 19— action on note—fraud not material—consideration**

   An allegation of fraud in the sale of merchandise was not material to a suit on a note and guaranty given for the amount owed for the merchandise because all of the facts were known when the note and guaranty were executed. Furthermore, the note was supported by consideration where defendants obtained a forbearance of twenty months by virtue of its acceptance by plaintiff.

2. **Bills and Notes § 19; Duress § 1; Fraud § 12— threat of legal action not fraud or duress**

   Defendants' statement in an affidavit that plaintiff forced them to execute the note and guaranty agreement sued on by plaintiff to forestall a lawsuit by plaintiff to collect an amount allegedly owed by defendants for merchandise and to protect the credit of defendants' business did not raise a genuine issue of fraud or duress in the procurement of the note and guaranty agreement.

3. **Rules of Civil Procedure § 15.1— refusal to permit amendment of answer—no abuse of discretion**

   The trial court did not abuse its discretion in refusing to permit defendants to amend their answer and counterclaim to allege a contract between plaintiff and the male defendant operating as a sole proprietorship rather than between plaintiff and a corporation in which defendants were the only stockholders. G.S. 1A-1, Rule 15(a).

APPEAL by defendants from *Clark, Judge.* Judgment entered 13 April 1979 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 10 January 1980.

*Stanley and Wright, by C. Franklin Stanley, Jr., for plaintiff appellee.*

*Ralph G. Jorgensen, for defendant appellants.*

VAUGHN, Judge.

The question presented is whether the court erred in allowing plaintiff's motion for summary judgment against the defendants.

On 22 November 1976, plaintiff started this suit on a note in the amount of $25,029.26 executed by the male defendant on 31 December 1975. The note was under seal and was due on 31 August 1976. Defendant admits the execution and nonpayment of the note. The female is sued on a guaranty and also admits the authenticity of the document.

The defenses raised in defendants' pleading were also set out in defendants' affidavit filed 8 December 1978 in response to plaintiff's motion for summary judgment. That affidavit, in material part, is as follows:

3. That Helena Chemical Company has in this case sued the defendant E. L. Rivenbark on a promissory note issued by the defendant E. L. Rivenbark and on a written guarantee executed by defendant E. L. Rivenbark and wife, Elizabeth G. Rivenbark.

4. That the promissory note and written guarantee were executed totally without consideration and containing usurious charges pursuant to a scheme of the plaintiff to deceive and defraud the defendants—which is set out in detail below:

A. That plaintiff's agent and/or employee Tom Nolan approached defendant E. L. Rivenbark in the fall of 1974 for the purpose of selling insecticides to a corporation E. L. Rivenbark & Son, Inc. owned and controlled by the defendant E. L. Rivenbark.

B. That on the day aforementioned, plaintiff through its agent and employee, Tom Nolan, who at all times herein mentioned was acting within the scope of his authority, orally represented to the defendant E. L. Rivenbark, after specific questioning by said defendant on the matter, that the plaintiff would not sell any insecticides directly to farmers but would sell their insecticides only through dealers such as E. L. Rivenbark & Son, Inc. That the aforesaid representations were made with the intent to deceive and defraud the defendant E. L. Rivenbark who was acting on behalf of E. L. Rivenbark & Son, Inc.

C. That the aforesaid representations were false and were then and there known by plaintiff's agent and employee as aforesaid to be false; that in truth and in fact, said plaintiff was contemplating and in fact did directly sell insecticides to farmers at a lower price than the dealers could during the 1975 farming season without notice to the dealers and without an opportunity for the dealers to dispose of the insecticides on a competitive basis.

D. That the defendant E. L. Rivenbark believed and relied upon the aforesaid representations of the plaintiff's agent and employee Tom Nolan and purchased large quantities of insecticides for the corporation E. L. Rivenbark & Sons, Inc.

E. That the plaintiff refused to take the merchandise back in the fall of 1975 and forced the defendant E. L. Rivenbark to sign the promissory note sued on by plaintiff in an individual capacity, and forced the defendants E. L. Rivenbark and wife, Elizabeth G. Rivenbark to execute the guarantee agreement sued on by plaintiff to forestall a lawsuit and the damaging of the credit of E. L. Rivenbark & Son, Inc.

F. That by reason of the aforesaid misrepresentations made by plaintiff, acting through its agent and employee, to defendant, E. L. Rivenbark, defendants have been defrauded and damaged in the sum of Ninety Thousand and no/100 Dollars ($90,000.00).

G. That in the alternative the defendants have been damaged in the amount set forth above by plaintiff's breach

of the oral agreement not to sell insecticides directly to dealers.

     H. That the plaintiff has admitted the sale of large quantities of goods and merchandise, i.e., insecticides and part performance in its original Complaint in paragraph 3 and in its Reply to the Counterclaim in paragraph 4 of the Second Defense.

[1]  If the affidavit raises a genuine issue of fact that is material to the lawsuit, the summary judgment should be reversed. The allegation of fraud in the sale of the merchandise is not material to the suit on the note because, among other things, all of the facts were known when the note and guaranty were executed. Defendants' argument that the note was without consideration is without merit. By virtue of its acceptance by plaintiff, defendants obtained a forbearance of twenty months.

[2]  We now consider that part of defendant's affidavit, taken as true and considered in the light most favorable to them, wherein it is stated:

     E. That the plaintiff refused to take the merchandise back in the fall of 1975 and forced the defendant E. L. Rivenbark to sign the promissory note sued on by plaintiff in an individual capacity, and *forced the defendants E. L. Rivenbark and wife, Elizabeth G. Rivenbark to execute the guarantee agreement sued on by plaintiff to forestall a lawsuit and the damaging of the credit of E. L. Rivenbark & Son, Inc.* (Emphasis added).

The statement does not raise a genuine issue of fact of fraud or duress in the procedurement of the note. It does not suggest that plaintiff threatened to do anything except start suit to collect the debt it contends was owed by defendant. Defendants' desire to avoid the damage to the credit of E. L. Rivenbark & Son, Inc., was a legitimate reason for agreeing to execute the note. Generally, duress exists where one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will. *Smithwick v. Whitley*, 152 N.C. 369, 67 S.E. 913 (1910). Our Supreme Court has gone further and adopted the more modern rule that

the act done or threatened may be wrongful even though not unlawful, *per se;* and that the threat to institute legal proceedings, criminal or civil, which might be justifiable, *per se,* becomes wrongful, within the meaning of this rule, if made with the corrupt intent to coerce a transaction grossly unfair to the victim *and not related to the subject of such proceedings.*

*Link v. Link,* 278 N.C. 181, 194, 179 S.E. 2d 697, 705 (1971) (emphasis added). Here, defendant does not suggest that plaintiff threatened an action that was "not related to the subject of such proceedings," and does not raise a material issue of duress.

[3] On 26 January 1979, over two years after suit was started and answer filed, defendants moved to amend their answer. Plaintiff had alleged that the goods were sold to a corporation, E. L. Rivenbark & Sons, Inc., in which defendants were the only stockholders. Defendants had admitted these allegations in their answer and asserted them in their counterclaim wherein, among other things, they sought to recover damage for the alleged breach of the contract between the *corporation* and plaintiff. They tried to amend to allege that the contract was between plaintiff and the male defendant operating a sole proprietorship. The motion was denied. As defendants contend, it is true that leave to amend "shall be freely given when justice so requires." G.S. 1A-1, 15(a). The motion, however, is addressed to the sound discretion of the trial judge and is not reviewable in the absence of a showing that the judge abused his discretion. We have carefully considered all the matters of fact and law in this case and conclude that there is no showing that the judge erred when he denied the motion to amend.

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.