NADINE W. HOWELL, D. EDWARD HOWELL, AND CHARLOTTE JOSEY HOWELL v. ALGERNON L. BUTLER, JR., TRUSTEE, AND PERMELIA W. BLAKE

No. 818SC1277

(Filed 5 October 1982)

**Cancellation and Rescission of Instruments § 10.2; Duress § 1— threat to institute legal proceedings — execution of note and deed of trust — no fraud, duress or undue influence**

No genuine issue as to fraud, duress or undue influence in the procurement of a note and deed of trust was presented where the forecast of evidence on motion for summary judgment showed that plaintiffs executed the note and deed of trust in consideration of defendant's agreement not to press legal claims for the male plaintiff's alleged mismanagement of defendant's stock account, and the note was for the exact amount defendant claimed the male plaintiff had lost in mismanaging her stock account.

APPEAL by plaintiffs from *Bruce, Judge.* Judgment entered 24 August 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 16 September 1982.

This is a civil action instituted by plaintiffs against the trustee of a deed of trust and the payee of a promissory note signed by plaintiffs to enjoin foreclosure on the property in the deed of trust and to declare null and void the note and deed of trust. Defendants filed an answer and a 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted along with an answer admitting the execution of a deed of trust. The answer admitted that Permelia W. Blake had become a customer of Dean Whitter Reynolds during 1979 and the value of her stocks had become depressed. When the defendants' motion to dismiss came before the court, it considered affidavits by plaintiffs and defendants and converted the motion to dismiss to a motion for summary judgment under Rule 56.

The record before us discloses the following uncontroverted facts: In 1979, defendant Blake transferred her stock account from Merrill Lynch, Pierce, Fenner and Smith to Dean Whitter Reynolds. The plaintiff, D. Edward Howell, was her account representative. Blake transferred her account because of her displeasure with Merrill Lynch for trading her stocks using the "margin" method. To reduce the risk of trading in the stock market she instructed plaintiff, D. Edward Howell, not to purchase or sell stocks without her approval. In 1979, the value of Blake's stock holdings dropped. Blake became convinced that D. Edward Howell had mismanaged her account and consulted her attorney, defendant Algernon L. Butler, Jr. Butler spoke with D. Edward Howell and informed him that Mrs. Blake anticipated filing suit against him and reporting him to the Securities Exchange Commission. Blake agreed not to bring any legal action against Howell if he would execute a promissory note for $27,887.78 and secure the note with a deed of trust.

On 18 March 1980 D. Edward Howell, his wife, Charlotte Josey Howell and his mother, Nadine W. Howell executed a promissory note for $27,887.78 payable monthly with 14% per annum interest. Nadine W. Howell executed a deed of trust wherein certain property owned by her in Wayne County was conveyed to secure the payment of the promissory note. When plaintiffs defaulted on the note, defendants instituted foreclosure proceedings and plaintiffs brought the action described above.

Judge Bruce entered summary judgment for the defendants and plaintiffs appealed.

*Duke & Brown by J. Thomas Brown, Jr. and John E. Duke for the plaintiffs, appellants.*

*Taylor, Warren, Kerr and Walker by David E. Hollowell and Robert D. Walker, Jr. for the defendants, appellees.*

HEDRICK, Judge.

The only question presented by this appeal is whether the court erred in entering summary judgment for defendants. Plaintiffs argue the pleadings, affidavits and exhibits raise an issue of "fraud, duress or undue influence" in the defendants' execution of the promissory note and deed of trust. Plaintiffs contend that as a

result of harassment and threats they signed the promissory note and Nadine Howell executed the deed of trust securing same. Defendants denied these allegations. Defendants' motion for summary judgment was supported by pleadings and affidavits showing the execution and delivery of the promissory note and deed of trust. In opposition, plaintiffs filed an affidavit wherein they repeated their allegation of fraud, duress and undue influence; however, the plaintiffs offered no evidentiary matter in support of these bald allegations. Plaintiffs' own affidavit showed the plaintiffs executed the note and plaintiff, Nadine Howell, executed the deed of trust in consideration of the defendants' agreement not to press legal claims for D. Edward Howell's alleged mismanagement.

Plaintiffs cite *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971), as providing the controlling rule of law in this case. In *Link,* the court held a jury question was raised on the issue of "fraud, duress or undue influence" when a husband obtained stocks and debentures by threatening his wife. However, the *Link* case is distinguishable on its facts and is not dispositive here. The *Link* case involved a wife who confessed her adultery to her husband, who then threatened to take the children away from her unless she transferred valuable stocks to him. Discussing the elements of duress, the court stated that it is ordinarily not wrongful to procure the transfer of property by announcing an intent to press legal proceedings. The court continued:

> [T]he threat to institute legal proceedings, criminal or civil, which might be justifiable, *per se,* becomes wrongful, within the meaning of this rule, if made with the corrupt intent to coerce a transaction grossly unfair to the victim and *not related to the subject of such proceedings.* (Citations omitted.)

278 N.C. at 194, 179 S.E. 2d at 705 (emphasis added). In *Link,* the threat to take the children was not related to any divorce proceeding, separation agreement or custody agreement but was intended solely to obtain the transfer of stocks. *Link* does not apply here because the defendants' threats to institute legal proceedings were directly connected to the alleged mismanagement of a stock account and the promissory note was to compensate the loss. The promissory note was for the exact amount of money

Blake claimed Howell had lost mismanaging her account, and the deed of trust was to secure that note. Therefore, all the "threats" and transactions objected to were related to the subject of the proceedings, that is, recovering the money lost trading Blake's stocks.

The case at bar is more closely analagous to *Helena Chemical Co. v. Rivenbark*, 45 N.C. App. 517, 263 S.E. 2d 305 (1980). There the defendant purchased insecticide from the plaintiff and signed a promissory note to forestall plaintiff's lawsuit to collect payment for the insecticide. The defendant alleged fraud, duress and lack of consideration, but the court granted plaintiff's motion for summary judgment because the defendant did not "suggest that plaintiff threatened an action that was 'not related to the subject of such proceedings' and does not raise a material issue of duress." 45 N.C. App. at 521, 263 S.E. 2d at 308. The Court found adequate consideration in that defendant had received a twenty month forbearance from plaintiff's instituting legal action. Likewise, in this case there is valid consideration for the promissory note and deed of trust for two reasons. First, the note and deed of trust signed under seal purport consideration on their face. *Barnes v. Barnes*, 30 N.C. App. 196, 226 S.E. 2d 549 (1976). Second, both parties assert the promissory note was signed to forestall a suit by the defendants against the plaintiffs, and the deed of trust securing the note was part of that negotiated settlement.

Finally, plaintiffs contend they raise a genuine issue of material fact as to the cause of defendant Blake's losses on the stock market. Rather than a result of mismanagement, plaintiffs assert that defendant Blake's losses were caused by depressed market conditions in 1979. We find these contentions are not relevant to this decision. They have no bearing on the enforceability of the promissory note or deed of trust.

Therefore, for all of the above reasons, plaintiffs have failed to raise a genuine issue of material fact and summary judgment was properly entered for defendants.

Affirmed.

Judges MARTIN (R. M.) and HILL concur.