MARLENE RADFORD, Plaintiff v. DONALD W. KEITH, DONALD W. KEITH & ASSOC. INC., Defendants

No. COA02-1340

(Filed 19 August 2003)

**Contracts— duress—evidence sufficient**

The evidence was sufficient to submit to the jury the issue of duress in the execution of a second promissory note and deed of trust for the construction of a house, and the trial court did not err in denying defendants' motions for directed verdict and judgment n.o.v.

Judge Hunter dissenting.

RADFORD v. KEITH

[160 N.C. App. 41 (2003)]

Appeal by defendant from judgment entered 8 May 2002 by Judge John R. Jolly, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 11 June 2003.

*The Del Re' Law Firm, by Benedict J. Del Re' Jr., for plaintiff appellee.*

*Michael E. Mauney, for defendants appellants.*

TIMMONS-GOODSON, Judge.

Donald W. Keith ("Keith") and Donald W. Keith & Associates, Inc. (collectively "defendants") appeal from a judgment entered by the trial court upon a jury verdict finding that they induced Marlene Radford ("plaintiff") by duress, to execute a second promissory note and Deed of Trust. For the reasons herein, we conclude that the trial court committed no error.

The facts pertinent to the instant appeal are as follows: On 25 May 1999, defendants and plaintiff entered into a written contract for the construction of a residence for plaintiff. The total amount of the contract amounted to $165,000.00; however, the contract was subject to additions and deletions pursuant to change orders and allowances. The construction was financed by a joint construction loan issued to both defendants and plaintiff. Several subsequent handwritten addendums to this contract were made by both parties. Upon the completion of plaintiff's residence, a closing was scheduled for 24 March 2000. Approximately one week prior to closing, Keith telephoned plaintiff and demanded that she meet with him in his office. Upon arriving at defendants' office, Keith informed plaintiff that there were "big problems" which may prevent her from closing on her loan. During this meeting, Keith accused plaintiff of fraud and informed her that he would not sign a lien waiver for additional expenses that were added to the contract. Plaintiff testified that Keith then gave her the following three options: (1) the matter could be settled in court; (2) plaintiff could sign a "Note and Deed of Trust"; (3) in lieu of a lawsuit, defendants would discount the difference in the contract price and a lower total price of another contractor, provided plaintiff could locate one. Testimony from both Keith and plaintiff established that Keith confined plaintiff in his office for two (2) hours while an associate of defendants guarded the door.

Plaintiff further testified that prior to the meeting with Keith, she made arrangements for her personal belongings to be delivered to the new residence and she executed a notice to vacate her rental unit. As

RADFORD v. KEITH

[160 N.C. App. 41 (2003)]

a result, plaintiff feared that she would be displaced if defendants' actions prevented her from closing on the loan. According to plaintiff, Keith threatened to sue her and she perceived that her only option was to sign the Note in order to close on 24 March 2000. Upon a full trial of the case, a jury found sufficient evidence of duress and returned a verdict in favor of plaintiff which required defendant to rescind and void the promissory note and cancel the Deed of Trust at issue. Defendants then moved for a directed verdict and a judgment notwithstanding the verdict at the close of trial. Both motions were denied. Defendants appeal.

In defendants' sole assignment of error, defendants contend that the trial court erred in failing to grant their motions for directed verdict and judgment notwithstanding the verdict at the close of trial. Specifically, defendants argue that plaintiff failed to establish a case of duress sufficient for submission to the jury as a matter of law. For the reasons set forth herein, we conclude that the trial court committed no error.

In ruling on a motion for directed verdict, a defendant is not entitled to a directed verdict or a judgment notwithstanding the verdict unless the evidence, taken as true and viewed in the light most favorable to the plaintiff, establishes an affirmative defense as a matter of law. *See Goodwin v. Investors Life Insurance Co. of North America,* 332 N.C. 326, 329, 419 S.E.2d 766, 767 (1992). "All conflicts must be resolved in plaintiff's favor, and [s]he must be given the benefit of every reasonable inference." *Shields v. Nationwide Mut. Fire Ins. Co.,* 61 N.C. App. 365, 374, 301 S.E.2d 439, 445, *disc. review denied,* 308 N.C. 678, 304 S.E.2d 759 (1983). "The question presented by a motion for a directed verdict is whether the evidence is sufficient to entitle the non-movant to have a jury decide the issue in question." *United Laboratories, Inc. v. Kuykendall,* 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). "[I]f there is conflicting testimony that permits different inferences, one of which is favorable to the non-moving party, a directed verdict in favor of the party with the burden of proof is improper." *Id.* at 662, 370 S.E.2d at 387. The same standard of review "is to be applied by the courts in ruling on a motion for [judgment notwithstanding the verdict] as is applied in ruling on a motion for a directed verdict." *Smith v. Price,* 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986).

"Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under cir-

cumstances which deprive him of the exercise of free will." *Smithwick v. Whitley*, 152 N.C. 366, 371, 67 S.E. 913, 914 (1910). A wrongful act or threat is an important element of duress. The act threatened is wrongful "if made with the corrupt intent to coerce a transaction grossly unfair to the victim and not related to the subject of such proceedings." *Link v. Link*, 278 N.C. 181, 194, 179 S.E.2d 697, 705 (1971). Therefore, where a transaction is induced by the use of threats to take lawful action, the presence or absence of duress depends upon the totality of the circumstances. In proving a case of duress, plaintiff must satisfy the three required elements.

In the case at bar, viewing the evidence in the light most favorable to plaintiff, there was sufficient evidence to submit the issue of duress to a jury. Specifically, there was evidence that (1) Keith's actions were unlawful or wrong; (2) plaintiff was induced to sign the Note; (3) Keith prevented plaintiff from exercising her free will to leave defendants' office. Defendants recognize that Keith and plaintiff entered into an agreement for the construction of a home totaling $165,000.00 subject to additions and deletions. Defendants also concede that after calculating the total expenses for the construction of the residence, Keith required plaintiff to sign an additional Note and Deed of Trust in the amount of $25,715.00.

In support of the first element of duress, plaintiff testified that approximately one week prior to the scheduled closing, defendant telephoned her and told her to come to his office. During this meeting, defendant threatened to execute a lien waiver and to sue plaintiff for fraud for the "additions" to her home. In *Link*, our Supreme Court addressed the question of when a threat of legal proceedings may constitute a wrongful act. The Supreme Court explained that,

> the act done or threatened may be wrongful even though not unlawful, per se; and that the threat to institute legal proceedings, criminal or civil, which might be justifiable, per se, become wrongful, within the meaning of this rule, if made with the corrupt intent to coerce a transaction grossly unfair to the victim and not related to the subject of such proceedings.

*Link*, 278 N.C. at 194, 179 S.E.2d at 705. While we recognize that Keith's threat to initiate legal proceedings may have been lawful and justifiable, his methods were such that a jury could determine that his actions were grossly unfair to plaintiff so as to rise to the level of a wrongful act. There was evidence to support a finding that defendants' threat was wrongful within the meaning of the *Link* rule

because defendants' intent was to coerce plaintiff into agreeing to the additional Note. In lieu of the lawsuit, defendant gave plaintiff the option to either agree to sign the Note or locate another contractor who would construct the home at a lower total price and defendants would discount the difference between the two. Evidence at trial revealed that several of the "additions" in dispute were not honored by defendants or were included in the original contract price. A jury could reasonably conclude that defendants' options were not related to the issue of breach of contract, were grossly unfair to plaintiff, and were methods used to coerce plaintiff.

The jury could also determine that defendant coerced plaintiff to execute the Note. An inducement that causes performance of some act serves as the second element of duress. Plaintiff testified that she was detained in Keith's office for two hours, and then agreed to sign the Note. Plaintiff further testified that Keith told her that she could not close on the residence unless she signed certain papers. Plaintiff gave the following testimony:

Q: "Okay. The day that you went into Mr. Keith's office, please tell the court, first of all, the first contact you had with him . . . on that day?"

A: " . . . this man kept berating me and going after me. And finally, I just said to him, 'What do you want Donald? . . .' And he says, 'More money . . . I've looked at all my bills and this house is costing me more money.' And I said, 'Fine.' "

Based on this evidence, the jury could find that plaintiff was coerced into signing the additional Note and Deed of Trust during the two hour meeting with defendant.

We further note that there was evidence from which the jury could find that plaintiff was not free to leave Keith's office. Plaintiff and Keith testified that defendants' associate guarded the office door to ensure that no one entered to interrupt the meeting. "By duress, in its more extended sense, is meant that degree of severity, either threatened and impending, or actually inflicted, which is sufficient to overcome the mind and will of a person of ordinary firmness." *Edwards v. Bowden*, 107 N.C. 58, 60, 12 S.E. 58, 58 (1890).

In the instant case, a jury could determine that plaintiff was detained in Keith's office for several hours, that plaintiff was emotionally upset by the tone of the meeting, and that plaintiff did not

have counsel present to advise her. Plaintiff stated that at this time, she was crying and her "mind went crazy thinking[,] 'where am I going to go' " and that she had done something wrong that would lead to incarceration. At trial, Keith testified that he was angry and upset and asked his associate to ". . . go outside and be sure that we're not interrupted" while he and plaintiff met in his office. The jury could find that Keith's directive that his associate stand guard at the office door prevented plaintiff from exercising her will to leave defendants' office. Therefore, a jury could find that defendants' actions were so severe as to overcome plaintiff's will to leave Keith's office.

We conclude that plaintiff presented sufficient evidence of duress to submit to a jury. We hold that the trial court did not err in denying defendants' motions for directed verdict and judgment notwithstanding the verdict.

No Error.

Judge ELMORE concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court properly denied defendants' motions for directed verdict and judgment notwithstanding the verdict.

As stated by the majority, a movant is entitled to have either motion granted if the evidence, when viewed in the light most favorable to the non-movant, is insufficient for a jury to decide the issue in question. *See United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). When that issue involves duress, sufficient evidence must be offered establishing that " 'one, by the *unlawful* act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will.' " *Link v. Link*, 278 N.C. 181, 194, 179 S.E.2d 697, 704-05 (1971) (citation omitted) (emphasis in original). Having reviewed the record and transcript, I believe the evidence offered was insufficient to prove essential elements of duress, i.e., that the Note and Deed of Trust signed by plaintiff was (1) induced by a wrongful act of defendants, and (2) executed under circumstances that deprived plaintiff of free will.

RADFORD v. KEITH

[160 N.C. App. 41 (2003)]

"Unquestionably, an essential element of duress is a *wrongful* act or threat." *Id.* at 194, 179 S.E.2d at 705 (emphasis in original). As to the "wrongful act" element, this Court held in *Link* that "the threat to institute legal proceedings, criminal or civil, which might be justifiable, *per se*, becomes wrongful . . . if made with the corrupt intent to coerce a transaction grossly unfair to the victim and not related to the subject of such proceedings." *Id. Link* also recognized that settlements often arise from threatened lawsuits and that potential litigants frequently choose to settle disputes to avoid the consequences of those lawsuits. Thus, this holding provided a difficult burden for potential litigants to overcome if they claim settlements were reached under duress. The absence of such a burden could possibly result in every settlement being collaterally attacked and set aside for duress.

In the case *sub judice*, I conclude plaintiff did not sign the Note and Deed of Trust under duress because defendants' actions were not wrongful. First, there was no evidence offered that the option selected by plaintiff was grossly unfair. Plaintiff did not testify, or offer the testimony of any qualified witness, that either the terms or amount of the Note and Deed of Trust were unreasonable. Second, defendants' threat to file a lien and then institute legal proceedings against plaintiff for fraud was related to the subject of such proceedings. During their meeting, Keith alleged that plaintiff had unilaterally altered the contract between them to get her home built with several additions at a lower price. This fact clearly establishes that defendants' attempt to collect a fair price for the home they built was related to the contract between the parties. *See generally Chemical Co. v. Rivenbark*, 45 N.C. App. 517, 263 S.E.2d 305 (1980). Therefore, defendants giving plaintiff the option to sign the Note and Deed of Trust in lieu of them instituting legal proceedings against her was not a wrongful act.

Nevertheless, assuming there was sufficient evidence that defendants engaged in a wrongful act, there was still insufficient evidence that plaintiff was deprived of "free will" when she executed the Note and Deed of Trust. For a wrongful act to constitute duress, it must occur under circumstances which deprive one of the exercise of free will. *See Link*, 278 N.C. at 194, 179 S.E.2d at 704-05. In the case *sub judice*, the majority concludes that the jury could have found that plaintiff was prevented "from exercising her [free] will to leave defendants' office[]" because Keith directed his associate to " 'go outside and be sure that [Keith and plaintiff were] not interrupted.' "

However, plaintiff never testified that she felt she was not free to leave the meeting at any time. On the contrary, plaintiff's testimony emphasized her concerns that a legal proceeding would delay the closing thereby resulting in significant inconvenience and economic difficulties because plaintiff had already made plans to vacate her rental property and have her furniture moved. Plaintiff further testified that she was actually "embarrassed" when Keith accused her of fraud because she had worked hard to establish an amicable working relationship with him. Thus, when the evidence is viewed in the light most favorable to plaintiff, it most clearly indicates that she voluntarily chose to remain in the meeting to remedy the situation and not because she believed defendants would not let her leave.

Finally, with respect to plaintiff's "free will" (or lack thereof), I note that: (1) plaintiff signed the Note and Deed of Trust a week after the meeting with Keith; and (2) plaintiff had been a licensed real estate agent for approximately four years prior to the incident in question, which strongly suggest that she was not naive to the possibility of last minute issues arising that may require the postponement of a closing. Yet, prior to signing the Note and Deed of Trust, plaintiff chose not to use that time, use her professional experience, or consult with someone else to effectively evaluate defendants' proposed options to her, as well as, consider her own options as to coordinating the move into the new house. This evidence further indicates no deprivation of plaintiff's free will, simply her desire to elect whichever option that would prevent postponing the scheduled closing date.

In conclusion, I conclude that the evidence, when viewed in the light most favorable to plaintiff, was insufficient to prove essential elements of duress. Therefore, the trial court should have granted either defendants' motion for directed verdict or motion for judgment notwithstanding the verdict.